**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. |
| vs. | JUDGE |
| GLENN ALEXANDER MASON | **INDICTMENT**<br>18 U.S.C. § 472<br><br>**FORFEITURE** |

THE GRAND JURY CHARGES:

### COUNTS 1-5
### (Uttering)

1. On or about the dates set out below, in the Southern District of Ohio, the Defendant, **GLENN ALEXANDER MASON**, with intent to defraud, attempted to and did pass, utter, and publish falsely made, forged, and counterfeited obligations of the United States—that is, Federal Reserve Notes with the face values, Series, and Serial Numbers set out below—which he then knew to be falsely made, forged, and counterfeited:

| COUNT | DATE | LOCATION | AMOUNT PASSED | FACE VALUE | SERIES | SERIAL NUMBER |
|---|---|---|---|---|---|---|
| 1 | 8/20/2023 | Sheetz | $600 | $100 | 1988 | D23373753A |
| 2 | 9/20/2024 | Sheetz | $500 | $100 | 1985 | B97320348B |
| 3 | 1/22/2025 | Sheetz | $1,000 | $100 | 1977 | L37958872A |
| 4 | 1/24/2025 | CVS | $600 | $100 | 1977 | L37958672A |
| 5 | 1/24/2025 | CVS | $600 | $100 | 1977 | D02221769A |

All in violation of 18 U.S.C. § 472.

## FORFEITURE ALLEGATION A

2. The allegations contained in this Indictment are realleged and incorporated here for the purpose of alleging forfeitures to the United States of America pursuant to 18 U.S.C. § 982(a)(2)(B).

3. Upon conviction of one or more of the offenses alleged in this Indictment, the Defendant—**GLENN ALEXANDER MASON**—shall forfeit to the United States of America, in accordance with 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of any offense in violation of 18 U.S.C. § 472, including, but not limited to, at least $3,300 in United States currency in the form of a forfeiture money judgment.

4. Substitute Assets: If any portion of the forfeitable property described above, as a result of any act or omission of the Defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property.

**Forfeiture notice pursuant to 18 U.S.C. § 982(a)(2)(B) and Rule 32.2 of the Federal Rules of Criminal Procedure.**

## FORFEITURE ALLEGATION B

5. The allegations contained in this Indictment are realleged and incorporated here for the purpose of alleging forfeitures to the United States of America pursuant to 18 U.S.C. § 492 and 28 U.S.C. § 2461(c).

6. Upon conviction of one or more of the offenses alleged in this Indictment, the Defendant—**GLENN ALEXANDER MASON**—shall forfeit to the United States of America, in accordance with 18 U.S.C. § 492 and 28 U.S.C. § 2461(c), all counterfeits of any obligations or other securities of the United States, or any articles, devices, and other things made, possessed, or used in any offense in a violation of 18 U.S.C. § 472, or any material or apparatus used or fitted, or intended to be used, in the making of such counterfeits, articles, devices, or things, including, but not limited to, the following:

   a. Two all-in-one printers;

   b. One Epson ream of white copy paper;

   c. One roll of tape;

   d. One canister of hairspray;

   e. All whole and/or partial counterfeits notes.

**Forfeiture notice pursuant to 18 U.S.C. § 492, 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.**

A TRUE BILL.

s/ Foreperson
FOREPERSON

KELLY A. NORRIS
Acting United States Attorney

DAVID J. TWOMBLY (0092558)
S. COURTER SHIMEALL (0090514)
Assistant United States Attorneys